IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                              No. 4:14-CR-074-Y

JONATHAN DANIEL KUTEJ (01)

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

TO THE HONORABLE JUDGE TERRY R. MEANS:

The United States of America by and through the undersigned assistant United States Attorney files its response opposing the Defendant's Motion to Suppress because the search warrant meets the Fourth Amendment specificity requirement and would also stand up under the good faith exception.   For the reasons set forth herein, the defendant's motion should be denied.

## RELEVANT FACTS

On August 15, 2013, Hood County special investigator Robert Young interviewed Tasha Sebastian regarding the production of child pornography by defendant Jonathan Daniel Kutej.   Sebastian reported that the previous evening, she and Kutej had gone to a local bar to have drinks.   They returned to Sebastian's home; later that night, Sebastian looked at Kutej's phone and discovered pictures of her then five-year-old daughter, including close up images of the child's genital area.   Sebastian forwarded one of the pictures to her phone.

**Government's Response to Defendant's Motion to Suppress - Page 1 of 8**

After Kutej left her home the following morning, Sebastian contacted her child's father; together, they went to the police station to report the incident.   Sebastian showed Investigator Young the image she had forwarded to her phone; she stated that Kutej would have had time to take the pictures that night while she was in the bathroom.   Sebastian also reported seeing communications and images of other girls on the defendant's phone. Thereafter, Investigator Young obtained a warrant authorizing the arrest of Kutej.

Later that day, August 15, 2013, Investigator Young arrested Kutej.   At the time of his arrest, Kutej had a black Apple iPhone in the left-hand, back hip pocket of his pants. Investigator Young seized the phone; after being advised of his rights, Kutej acknowledged that the phone was his and provided the cell phone number; he did not provide the password to unlock the iPhone.

On August 23, 2013, Investigator Young spoke with another witness who advised that her employee reported that Kutej admitted that he had taken pictures of a child. Investigator Young then spoke with the employee, who is the mother of Kutej's son and who said Kutej had come to her home (after he was arrested by Investigator Young and had posted a bond) and admitted taking pictures of an 11-year-old child's private area.   At the time, Kutej had believed that was the basis for the child pornography charge for which he had been arrested.

**Government's Response to Defendant's Motion to Suppress - Page 2 of 8**

On August 26, 2013, Investigator Young obtained a search warrant for the Apple iPhone he had seized from Kutej on August 15, 2013.   (Attachment A)   The warrant seeks evidence stored on "1-Black Apple iPhone Cell Phone #817.736.5198 seized from Jonathan Daniel Kutej on 08-15-2013," which was further identified as being stored in the "Hood County District Attorney's Evidence Room, 1200 W. Pearl, Hood County, Granbury, Texas 76048."   The affidavit supporting the warrant describes the facts recounted above.

A forensic analysis revealed child pornography images of Sebastian's daughter, pornographic images of the minor identified in Count Two of the indictment—who is not the 11-year-old victim Kutej described to his child's mother, and communications and other images demonstrating Kutej's interest in minors.

## LAW AND ARGUMENT

Kutej challenges the warrant solely on the basis of a lack of specificity, stating that it does not particularly describe the phone to be seized because its serial number is not included.   The government submits that the warrant, which describes the type and color of the phone to be searched, when it was seized and from whom, along with its location at the time of the warrant, meets the particularity requirement.

## A.   Particularity of the Warrant

In reviewing challenges to particularity, the Court may read the warrant as a whole, including any accompanying affidavits and attachments.   *United States v. Aguirre*, 664 F.3d 606, 614 (5th Cir. 2011).

**Government's Response to Defendant's Motion to Suppress - Page 3 of 8**

A warrant survives constitutional scrutiny when it describes with particularity the place to be searched and the things to be seized.   U.S. Const. amend. IV.   "To satisfy the particularity requirement, the warrant must be sufficiently definite so that the officer executing it can identify the property sought with reasonable certainty." *United States v. Hill*, 19 F.3d 984, 987 (5th Cir. 1994)(internal quotation, cite omitted).   But while reasonable specificity is required, "elaborate detail" is not.   *United States v. Triplett*, 684 F.3d 500, 504 (5th Cir. 2012).

In this instance, Kutej was arrested in possession of one phone, a black Apple iPhone, for which he provided the cellular number.   The search warrant and the affidavit describe the item to be searched as a black Apple iPhone belonging to Kutej that was seized from him the day he was arrested and that was being stored in the evidence room of the Hood County District Attorney's Office.

Additionally, the same investigator who arrested Kutej and seized the iPhone obtained the warrant to search the phone.   Not only did the warrant specifically identify the item to be searched, but the investigator had personal knowledge of the phone that he seized from Kutej and where it was located pending execution of the warrant.   Thus, the officer executing the warrant could reasonably identify the property to be searched, and the warrant met the Fourth Amendment requirement of sufficiently describing the item to be searched and seized.

**B.**   **Good Faith Exception**

Although the government believes the warrant meets the particularity requirement, if the Court disagreed, the Court should still deny Kutej's motion to suppress because the good faith exception to the exclusionary rule applies.

To determine whether a seizure resulting from a search warrant violated the Fourth Amendment, the Court conducts a two-part test.   *United States v. Allen*, 625 F.3d 830, 834 (5th Cir. 2010).   First, the Court asks "whether the seizure falls within the good faith exception to the exclusionary rule." *Id.* at 835.   If the good faith exception applies, the inquiry ends; if the good faith exception does not apply, however, the Court will then ask "whether the magistrate issuing the warrant had a substantial basis for believing there was probable cause for the search." *Id.* (quoting *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999)).   The government notes that Kutej is not arguing that the affidavit in support of the warrant lacks probable cause and submits that, at a minimum, Investigator Young acted in good faith upon reliance of the search warrant.

The Supreme Court established that evidence is admissible when it is "obtained by officers acting in objectively reasonable reliance on the warrant issued by a detached and neutral magistrate" in *United States v. Leon*, 468 U.S. 897 (1984); *United States v. Gant*, 759 F.2d 484, 486 (5th Cir. 1985).   The good faith exception does not apply when the affidavit is "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable."   *Leon*, 468 U.S. at 923.

Kutej does not assert that Investigator Young's search pursuant to a search warrant was conducted in bad faith, nor as previously stated, does he assert that the affidavit lacks probable cause.

 "[W]here a warrant is supported by more than a bare bones affidavit, an officer may rely in good faith on the warrant's validity."  *United States v. Laury*, 985 F.2d 1293, 1311 (5th Cir. 1993).   Here, Investigator Young's affidavit contained more than "bare bones" statements, and thus he relied on the warrant in good faith.   Investigator Young's affidavit provides information relayed from Sebastian and which is corroborated by the image on Sebastian's phone.   He also learns from several other individuals that Kutej had taken images of minors and that evidence was likely to still be on his phone.   Finally, the description of the phone is sufficient because it describes how Investigator Young came into possession of it, Kutej's admission that he owned the phone, the date that it was seized, and the current location of the phone at the time the warrant was sought by Investigator Young.

"The question for the court is whether a reasonably well trained officer would have known the search was illegal despite the magistrate's authorization."   *Leon* at 922, n.23. There is *no suggestion*, nor is there a rational basis to believe, that Investigator Young should have known or believed his warrant was facially invalid.   Thus, the Court should find that the investigator acted in good faith in executing the search warrant and, therefore, need not look to probable cause.

## C.   <u>Presence of Probable Cause</u>

However, even if the Court did not find the good faith exception applies, probable cause for the search exists, based on the affidavit.   A magistrate judge must issue a search warrant if information supplied in an affidavit is sufficient to establish probable cause. Fed. R. Crim. Proc. 41(d)(1).   To determine whether probable cause exists, a magistrate judge should look at the totality of the circumstances as set forth by the affidavit to determine whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).   This includes the "veracity and basis of knowledge of persons supplying hearsay information." *Id*.

This court in reviewing the issuance of the search warrant need "simply ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* at 238-39 (quoting *Jones v. United States*, 362 U.S. 256 (1960)) (internal quotations omitted).

The totality of the circumstances in the affidavit show that the magistrate judge had a substantial basis for concluding that probable cause existed.   The warrant sought authority to search for images and communications related to the production and possession of child pornography.   Within the four-corners of the affidavit, Investigator Young set forth Sebastian's account of how Kutej took pictures of her daughter; he also provided a description of the image.   Investigator Young also included other events that led him to believe that Kutej may have additional images and communications on his phone—which Sebastian also corroborated.   These factors support a finding of probable cause in the affidavit.

**Government's Response to Defendant's Motion to Suppress - Page 7 of 8**

In conclusion, the United States would respectfully request the defendant's motion to suppress be denied without a hearing.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

*/s/ Aisha Saleem*
AISHA SALEEM
Assistant United States Attorney
Texas State Bar No. 00786218
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile:   817-252-5455
Email: aisha.saleem@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of November, 2014, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District, using the electronic case filing system of the court.   The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who has consented in writing to accept this Notice as service of this document by electronic means: J. Warren St. John.

*/s/ Aisha Saleem*
AISHA SALEEM
Assistant United States Attorney