**THE STATE OF TEXAS**                     **DOCKET #2013-08-26-01**

**COUNTY OF HOOD**                         **COURT: COURT AT LAW**

**AFFIDAVIT FOR SEARCH WARRANT**

**{Article 18.02(10), Texas Code of Criminal Procedure}**

BEFORE ME, THE UNDERSIGNED AUTHORITY, PERSONALLY APPEARED THE AFFIANT HEREIN, A PEACE OFFICER UNDER THE LAWS OF TEXAS, WHO, BEING DULY SWORN, ON OATH MADE THE FOLLOWING STATEMENTS:

1. My name is Robert Young and I am commissioned as a Peace Officer by the 355th District Attorney's Office, Hood County, Granbury, Texas.

2. There is a suspected place described as the following:

**Hood County District Attorney's Office Evidence Room, 1200 W Pearl, Hood County, Granbury, Texas 76048, which contains 1-Black Apple iPhone Cell Phone # 817.736.5198 seized from Jonathan Daniel Kutej on 08-15-2013.**

3. Said suspected place is in the charge and controlled by each of the following named and/or described suspected parties (hereafter called a suspected party, whether one or more) to wit:

**Jonathan Daniel Kutej**
**White male, date of birth 06-19-1981**

1. Any and all information whether stored electronically as computer data or on paper and all data including communications, such as, text discussing, referring to, or otherwise, regarding sexual conduct, and/or the exchange of pornographic images regarding the offense of On-Line Solicitation of a Minor, Sexual Performance of a Child, Sexual Assault of a Child or the sexual abuse of children.

2. Telephone books, address books, diaries, or other writings tending to identify other child victims.

3. Any videotapes and viewing and recording equipment depicting children engaged in nude or sexually explicit conduct.

KuteJ

4.    Any data or images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit a sexual response or otherwise engaging in sexual conduct.

5.    Any data pertaining to obtaining or possessing images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit a sexual response.

6.    Any data referring to online contacts or correspondences with the subjects under the age of 18 or related to the subject of communicating with children.

7.    Computers and any computer programs, software and equipment, including but not limited to storage devices such as diskettes, compact discs and digital video discs, hard drives and thumb drives, flash drives, memory sticks, Ipods, MP3 players, Video Ipods and any other devices that can be used to store or transport any type of computer media, and any means in which to power up, access, view or otherwise make use of those forms of electronic media;

8.    Digital cameras, film cameras, digital video cameras, film video cameras, web cameras and all other devices used for the capture, taking, storing, transferring, developing, and otherwise manipulating images, including printers and all peripheral equipment associated with such cameras, including undeveloped film.

9.    Any cellular telephones and other devices that can be used to communicate telephone to telephone or telephone to computer and all peripheral equipment associated with such cellular telephones;

10.   Any papers or writings associated with online e-mail accounts, online social accounts, internet providers, cellular telephone bills and records, passwords, and screen names;

11.   Documents showing dominion and control over the residence such as letters, utility bills, telephone bills, miscellaneous bills, pager bills and receipts for occupants, articles of personal property tending to establish the identity of persons in control of the premises, vehicles, storage areas, safes, out buildings and containers being searched including utility company receipts, rent receipts, addressed envelopes, and keys and photographs of the defendant and his associates.

12.   Any electronic communications including text messages, images, emails, instant messages, chat logs, and video files, whether contained in a computer, cell phone, or other device used to store any type of computer media.

KuteJ

AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON OF THE
FOLLOWING FACTS, TO WIT:

Affiant, Special Investigator Robert Young is a licensed Texas Peace Officer with more
than fourteen (14) years of law enforcement experience. Affiant is currently assigned to
investigate and supervise the investigation of crimes against children for the Hood
County District Attorney's Office, and in that assignment focuses on child exploitation
crimes, including the possession and promotion of child pornography. The vast majority
of the investigations in which Affiant has participated in have involved the use of
computers, cell phones, and/or the Internet to facilitate child exploitation crimes. Affiant
has had a close working relationship with members of agencies tasked with the
investigation and forensic analysis of computer crimes involving children including the
United States Secret Service, the United States Department of Homeland Security
(Immigration and Customs Enforcement (ICE), and the Houston Metro Internet Crimes
Against Children Task Force. Affiant possesses a Master Peace Officer Certification
from TCLEOSE, a Special Investigator Certification from TCLEOSE, Cybercrime
Investigator Proficiency Certification from TCLEOSE, and has attended the following
conferences and has completed the following investigative courses, 2006 Crimes Against
Children Conference, 2007 Crimes Against Children Conference, 2008 Crimes Against
Children Conference, Sexual Assault and Family Violence Investigative Certification
Course (2004), Intermediate Child Abuse, Investigating Sexual Predators and Sexual
Homicides (2010), and Cyber Crimes Certification Course (2011). In October of 2012,
affiant received Title 19 Cross Designation training from the United States Department
of Homeland Security (Immigration and Customs Enforcement ICE). Affiant also
received OS-Triage (computer search) training conducted through the United States
Department of Homeland Security (ICE) in 2013.

On August 15, 2013, spoke with Tasha Renee Sebastian, hereinafter referred to as Tasha.
Tasha reported to me that she lives at Kathy Lane in Granbury, Hood County, Texas. Tasha
has three children. One of Tasha's children is AS4, a pseudonym. AS4 is a female child,
who is four years of age.

Tasha reported to me that on August 14, 2013, she left her home to have some drinks with
Jonathan Kutej, hereinafter referred to as Defendant. Later in the evening of August 14,
2013, Tasha and Defendant returned to her residence.

Tasha reports that when she and Defendant returned to her residence, she went into a
bathroom. While Tasha was in the bathroom, Defendant had access to AS4.

Tasha reported to me that later in the evening, she became suspicious of Defendant. Tasha
reported to me that she looked at pictures on Defendant's phone. Tasha found several
pictures that concerned her. The first concerning picture depicted AS4 sleeping with her
shirt and panties on. The second picture depicted a close-up view of AS4's panties. The

KuteJ

third picture depicted AS4's genitals and Defendant's fingers holding AS4's panties to the side. The fourth picture depicts Defendant touching the outer area of AS4's genitals.

Tasha reports that she forwarded one of the aforementioned concerning pictures to her phone. I viewed the forwarded picture. The forwarded picture is a lewd depiction of a prepubescent female's genitals as Tasha described.

Tasha reported that the pass code for the defendant's cell phone is 3825. Tasha also reported that she saw other texts, conversations, and images of other girls on the defendant's cell phone.

On August 15, 2013, affiant obtained an arrest warrant for Jonathan Kutej for Sexual Performance of a Child (F2). Affiant along with members of the Texas Department of Public Safety arrested the defendant at his home and discovered a black Apple iPhone in the left hand back hip pocket of the defendant. Affiant seized the phone. Affiant later met with the defendant at the Hood County Jail. The defendant was read his constitutional rights and he agreed to answer questions. The defendant advised that his cell phone has a number of 817.736.5198 through AT&T. The defendant refused to give affiant the pass code to the cell phone. The defendant admitted that he has had that phone number for a couple of years and admitted that he has used that cell phone for 4 or 5 months.

On August 23, 2013, affiant spoke with Katie Renee Herring at the Hood County District Attorney's Office who reported that one of her employees, Dana Filler, who is the mother of Jonathan KuteJ's child, told her that after Jonathan's release from jail that he had admitted to her that he had taken pictures of a child. Affiant later spoke to Dana Filler who reported that Jonathan had admitted to her that he had taken pictures of a little girl. Filler further reported that the girl was 11 years old, the pictures were of her private area, and that the girl was asleep. Filler reported that KuteJ gave an excuse of curiosity.

From his experience and training, affiant knows that persons who engage in the sexual exploitation of children often view and possess images of child pornography for sexual purposes and often view, collect, and retain images of child erotica, child pornography, and images of children depicted in a sexually explicit manner for long periods of time and often do not delete or destroy the images. These images are often viewed and /or stored on an electronic device such as a computer or cell phone.

Under Texas Penal Code Section 43.25 "promote" means to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do any of the above.

Under Texas Penal Code Section 43.25 "sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation,

KuteJ

sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola.

Under Texas Penal Code Section 43.26 "visual material" means any film, photograph, videotape, negative, or slide, or any photographic reproduction that contains or incorporates in any manner any film, photograph, videotape, negative, or slide; or any disk, diskette, or other physical medium that allows an image to be displayed on a computer or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method.

Absent fraud, unlawful computer intrusion, or disclosure of one's private account password, a user's screen name or e-mail account can only be accessed by the subscriber to whom the screen name is assigned; thus rendering the screen name or e-mail account beyond use by the general public.

A person in possession of one or more pornographic depictions involving children, either by film, photograph, videotape, negative, or slide or any photographic reproduction that contains or incorporates in any manner any film, photograph, videotape, negative or slide, or on any disk, diskette, or other physical medium that allows an image to be displayed on a computer or other video screen and on any image transmitted to a computer or other video screen by telephone line, cable satellite transmission, or other method is in violation of Texas Penal Code 43.26(a). Furthermore, a person who knowingly or intentionally promotes or possesses with intent to promote, procure, manufacture, issue, sell give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise, offer or agree to do any of such, is in violation of (promoting child pornography) Texas Penal Code Section 43.26(e), a person who possesses visual material that contains six (6) or more identical visual depictions of child pornography is presumed to possess the material with the intent to promote the material.

Graphic image files containing child pornography can be maintained for long periods of time in a number of ways: on a computer's built-in hard disk drive, on portable storage disks, on CD-ROMs, or on other computer media. Most often the collector maintains the files purposefully. Even when the pornographic files have been deleted (due to guilt or fear of discovery), however, computer forensic experts are nonetheless often able to recover the pornographic images that had been purposefully possessed previously.

From his experience and training, Affiant knows that persons who use personal computers in their homes tend to retain their personal files and data for extended periods of time, months or even years. Affiant knows that due to personal computer's unique ability to store large amounts of data for extended periods of time

without consuming much, if any, additional physical space; people tend to retain this data. Affiant knows this to be true regardless of whether or not a person has traded-in or upgraded to a new personal computer. Affiant knows personal computer users transfer most of their data onto their new computers when making an upgrade. Visual images, such as child pornography, are as likely (if not more so) as other data to be transferred to a person's new, replacement or upgraded computer system.

There is probable cause to believe that images and messages are maintained in files, computer storage facilities or other data storage facilities, and that, within the files there are records, namely correspondence, notes, papers, ledgers, personal telephone and address books, telephone toll records, telephone message slips, memoranda, telexes, facsimiles, documents, photographs, negatives, photographic slides or other visual depictions, or equipment, used to depict child pornography.

There is probable cause to believe that contraband and instrumentalities in violation of Texas Penal Code Section 43.26, Possession and/or Promotion of Child Pornography, and Texas Penal Code Section 43.25 Sexual Performance of a Child, and Texas Penal Code Section 33.021 On-Line Solicitation of a Minor are contained or concealed in the tapes, cassettes, cartridges, streaming tape, commercial software, and manuals, hardware, digital cameras, computer disks, disk drives, monitors, computer printers, modems, tape drives, disk application programs, data disks, disk operating systems, magnetic media-floppy disks, tape systems, cell phones, SIM cards, and hard drives, and other computer related operating equipment, which depict or are used to depict child pornographic materials.

All information noted in this affidavit for search warrant has been related to Affiant by the person(s) and/or source(s) attributed or referenced. Affiant further believes in good faith that the information provided herein to be true and correct. Because the sole purpose of this affidavit is to establish probable cause that a criminal offense has occurred, not every relevant fact known to me, or to other investigators, is included within. Rather, only those facts necessary to establish probable cause have been discussed.

Based upon all the foregoing, there is probable cause to believe that child pornography and other contraband and instrumentalities used to promote the sexual conduct by a child less than 18 years of age will be found on the premises located at **Hood County District Attorney's Office Evidence Room, 1200 W Pearl, Hood County, Granbury, Texas 76048, which contains the following items seized from Jonathan Daniel Kutej on 08-15-2013: 1-Black Apple iPhone Cell Phone # 817.736.5198.**

**THE FOLLOWING CONSIDERATIONS AND PRACTICALITIES GOVERN THE MANNER OF THE EXECUTION OF THE SEARCH WARRANT:**

Based upon Affiant's knowledge, training, and experience, and experience of other law enforcement personnel, Affiant knows that in order to completely and accurately retrieve data maintained in computer hardware or on computer software found on a

KuteJ

cell phone, all computer equipment, peripherals, related instructions in the form of manuals and notes, as well as the software utilized to operate such a computer, must be seized and subsequently processed by a qualified forensic computer specialist in an appropriate setting. Accordingly, it is very often necessary to take all computer hardware and software found at the suspected location in order to have it examined in a qualified forensic environment. Such will sometimes be the only way that items such as previously sent and received e-mails can be effectively recovered from a computer or its password, can be encrypted, or could have been previously "deleted". In light of these concerns, Affiant requests the Court's permission to seize at the search location all the computer hardware, software, and peripherals found in and on the cell phone and computer, that are believed to potentially contain some or all of the contraband, or instrumentalities described in the warrant, and to conduct both an onsite and offsite search of these materials for such evidence. Affiant intends to transport all such seized materials to a qualified forensic facility for imaging and analysis by experts.

WHEREFORE, AFFIANT ASKS FOR ISSUANCE OF A WARRANT THAT WILL AUTHORIZE THE SEARCH OF SAID SUSPECTED PLACE FOR SAID PERSONAL PROPERTY AND SEIZURE OF THE SAME AND TO TAKE CUSTODY OF ALL SEIZED PROPERTY AND SAFE KEEP SUCH PROPERTY AS PROVIDED BY STATUTE.

_____

AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME BY SAID AFFIANT ON THIS THE

____ Day of _____, A.D., 2013.

_____

MAGISTRATE, HOOD COUNTY, TEXAS

KuteJ