## SEARCH WARRANT

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | ' | **DOCKET # 2013-08-26-01** |
| **COUNTY OF HOOD** | ' | **COUNTY COURT AT LAW:** |

## SEARCH WARRANT

The State of Texas: To the Sheriff or any Peace Officer of Hood County, Texas, or any Peace Officer of the State of Texas:

    Whereas, the Affiant whose name appears on the affidavit attached hereto is a peace officer under the laws of Texas and did heretofore this day subscribe and swear to said affidavit before me (which said affidavit is here now made a part hereof for all purposes and incorporated herein as if written verbatim within the confines of this Warrant), and whereas I find that the verified facts stated by Affiant in said affidavit show that Affiant has probable cause for the belief he/she expresses herein and establishes the existence of proper grounds for issuance of this Warrant;

Now, therefore, you are commanded to enter the suspected place described in said affidavit, to-wit:

**Hood County District Attorney's Office Evidence Room, 1200 W Pearl, Hood County, Granbury, Texas 76048, which contains 1-Black Apple iPhone Cell Phone # 817.736.5198 seized from Jonathan Daniel Kutej on 08-15-2013.**

At said place you shall search for and, if same be found, seize and bring before me the property described in the affidavit, to-wit:

1. Any and all information whether stored electronically as computer data or on paper and all data including communications, such as, text discussing, referring to, or otherwise, regarding sexual conduct, and/or the exchange of pornographic images, regarding the offense of On-Line Solicitation of a Minor, Sexual Performance of a Child, Sexual Assault of Child or the sexual abuse of children.

2. Telephone books, address books, diaries, or other writings tending to identify other child victims.

3. To view and seize any videotapes and viewing and recording equipment to determine if they depict children engaged in nude or sexually explicit conduct.

4. Any data or images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit a sexual response or otherwise engaging in sexual conduct.

KuteJ

5. Any data pertaining to obtaining or possessing images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit a sexual response.

6. Any data referring to online contacts or correspondences with the subjects under the age of 18 or related to the subject of communicating with children.

7. Sex aids, pornographic materials, and devices used for sexual stimulation.

8. Computers and any computer programs, software and equipment, including but not limited to storage devices such as diskettes, compact discs and digital video discs, hard drives and thumb drives, flash drives, memory sticks, Ipods, MP3 players, Video Ipods and any other devices that can be used to store or transport any type of computer media, and any means in which to power up, access, view or otherwise make use of those forms of electronic media;

9. Digital cameras, film cameras, digital video cameras, film video cameras, web cameras and all other devices used for the capture, taking, storing, transferring, developing, and otherwise manipulating images, including printers and all peripheral equipment associated with such cameras, including undeveloped film.

10. Any cellular telephones and other devices that can be used to communicate telephone to telephone or telephone to computer and all peripheral equipment associated with such cellular telephones;

11. Any papers or writings associated with online e-mail accounts, online social accounts, internet providers, cellular telephone bills and records, passwords, and screen names;

12. Documents showing dominion and control over the residence such as letters, utility bills, telephone bills, miscellaneous bills, pager bills and receipts for occupants, articles of personal property tending to establish the identity of persons in control of the premises, vehicles, storage areas, safes, out buildings and containers being searched including utility company receipts, rent receipts, addressed envelopes, and keys and photographs of the defendant and his associates.

To facilitate this search you are **AUTHORIZED** to seize and have analyzed all computer hardware, software, and peripherals, which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data.

Hardware includes, but is not limited to, any data processing devices (such as central processing units and self contained laptop or notebook computers and digital cameras); internal and peripheral storage devices such as computer disks, magnetic media, floppy disks, tape systems, hard drives, disk drives, tape drives, SIM cards, SD Cards, transistor-like binary devices, thumb drives, flash drives,

KuteJ

zip cartridges/drives, IPods, gaming devices, digital televisions with memory capability, and other memory storage devices; and any externally attached peripheral input/output devices such as keyboards, printers, scanners, plotters, video display monitors, web cams and optical readers; and related communications devices such as modems, cables and connections, RAM or ROM units, acoustic couplers, automatic dialers, programmable telephone dialing or signaling devices, and electronic tone-generating devices; as well as any devises, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks).

Computer software includes, but is not limited to, digital information, which can be interpreted by a computer and any of its related components, which may be stored in electronic, magnetic, optical, or other digital form. Computer software commonly includes programs to run operating systems, applications (such as word processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs; computer related documentation, that is, written, recorded, printed, or electronically stored material which explains or illustrates how to configure or use computer hardware, software, or other related items.

Further, you are ORDERED, pursuant to the provisions of Article 18.10, Texas Code of Criminal Procedure, to retain custody of any property seized pursuant to this Warrant, until further order of this Court or any other court of appropriate jurisdiction shall otherwise direct the manner of safekeeping of said property. This Court grants you leave and authority to remove such seized property from this county, if and only if such removal is necessary for the safekeeping of such seized property by you, or if the provisions of Article 18.10, T.C.C.P. otherwise authorize such removal.

You are further ORDERED to have a forensic examination conducted of any devices seized pursuant to this warrant to search for the items previously listed.

Herein fail not, but have you then and there this Warrant within three days, exclusive of the day of its execution, with your return thereon, showing how you executed the same.

ISSUED THIS THE __26__ day of __August__, A.D., 2013, at __2:00__ o'clock P.M. to certify which, witness my hand this day.

_____
MAGISTRATE HOOD COUNTY, TEXAS

/397260 0

KuteJ