IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Criminal No. 4:14-CR-074-Y(1) |
| | § | |
| JONATHAN DANIEL KUTEJ(1) | § | |

ORDER DENYING MOTION TO SUPPRESS

Before the Court is the Motion to Suppress of defendant Jonathan Daniel Kutej (doc. 82). Having reviewed the motion, the government's response, and the applicable law, the Court concludes that the motion should be DENIED without a hearing.

Kutej is charged with production and attempted production of child pornography in violation of 18 U.S.C. § 2251(a), (e). Kutej seeks to suppress all evidence seized during the search of a cellular phone. Kutej complains that the search warrant did not describe the phone with sufficient particularity because it did not include the phone's serial number.

A warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "The description in the warrant must be such that a reasonable officer would know what items he is permitted to seize." *United States v. Aguirre*, 664 F.3d 606, 614 (5th Cir. 2011). The Court reviews particularity challenges by "read[ing] the warrant as a whole, including its accompanying affidavit and attachments." *Id.* Where a warrant is not sufficiently particular, the Court will exclude the evidence improperly taken. *Id.*

Kutej's girlfriend, Tasha Sebastian, discovered pornographic images of her minor daughter on Kutej's cellular phone. Sebastian forwarded one of the pictures to her own phone and contacted the police. Officer Robert Young arrested Kutej the same day and seized a black Apple iPhone. Kutej acknowledged that the phone was his and provided the phone number.

Officer Young later obtained a search warrant for the phone. The warrant seeks evidence stored on "1-Black Apple iPhone Cell Phone #817.736.5198 seized from Jonathan Daniel Kutej on 08-15-2013," which was further identified as being stored in the "Hood County District Attorney's Office Evidence Room, 1200 W. Pearl, Hood County, Granbury, Texas 76048." Based on the above description, the officer executing the warrant could reasonably identify the property to be searched. Moreover, and as pointed out by the government, the officer who arrested Kutej and seized the phone also obtained the warrant to search the phone. So, aside from the specific description of the phone, the officer had personal knowledge of the phone he seized from Kutej and of its location pending the execution of the warrant.

Based on the forgoing, Kutej's motion to suppress is DENIED. The Court further concludes that a hearing on the motion is unnecessary because Kutej has asserted no contested facts. *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) ("[A]n evidentiary hearing is required on a motion to suppress only when

necessary to receive evidence on an issue of fact.”)

SIGNED November 13, 2014.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE