```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:14-CR-074-Y |
| | § | |
| JONATHAN DANIEL KUTEJ | § | |

<u>ORDER DENYING MOTION TO CONTINUE TRIAL</u>

Before the Court is defendant Jonathan Daniel Kutej's motion to continue trial (doc. 111). After review, the Court DENIES the motion.

Defendant has elected to represent himself at trial. At the *Farretta* hearing held on November 13, 2014, the Court cautioned Defendant that should he persist in his last-minute decision to represent himself, no continuances would be granted. Undeterred, Defendant made an oral motion for a continuance. The Court denied the motion, pointing to the lateness of Defendant's request to represent himself in relation to the scheduled trial date and the fact that Defendant had previously dismissed four attorneys, three of whom had been appointed by the Court.

Although the Court declined to continue the trial, the Court agreed to grant Defendant's request for a transfer to FCI--Fort Worth where he would have access to the facility's law library and his legal papers (doc. 108). The Court also entered an order directing FCI--Fort Worth to allow Defendant access to the computer lab for the purpose of trial preparation. In particular,

Defendant was to have access to a computer for the purpose of reviewing certain voluminous discovery materials contained on compact discs.

   The day before Defendant's trial, he filed another motion for a continuance, citing his inability to view all of the materials contained on compact disc because of problems at the computer lab at FCI--Fort Worth. The Court allowed Defendant to be heard on his motion for a continuance on the day of trial. By that time, Defendant had had an opportunity to review some, but not all, of the discs. Defendant acknowledged, though, that his standby counsel had reviewed all of the material, and had he been allowed to proceed as Defendant's appointed counsel, he would have been prepared to present a defense based on the material contained on the discs.

   Aside from the fact that Defendant has been represented by either retained or appointed counsel for nearly ten months while in custody and counsel has had access to all of the discovery materials that exist in this case, the government represented to the Court that the materials contained on the discs consist of Federal Rule of Evidence 404(b) materials that are not germane to the government's case in chief and the bulk of which will not be introduced at trial. Of the Rule 404(b) material that the

2

government intends to use, Defendant acknowledged that he had access to that material in advance of trial. Those materials, consisting of witness interviews, were presented to Defendant during a discovery review conducted well in advance of trial.

The discs also contain full transcripts of chat and text communications between Defendant and certain government witnesses, but the government has turned over excerpts from the communications that it intends to introduce at trial in accordance with this Court's scheduling order, and Defendant has had access to the excerpts. Furthermore, the witnesses involved in those chat communications will testify at trial and Defendant will have an opportunity to cross-examine them.

Based on the above, the Court concludes that Defendant will not suffer prejudice based on this Court's denial of a continuance. Moreover, the Court has previously granted two continuances in this matter after defendant fired his attorneys. When Defendant decided to proceed pro se, the Court admonished him that no further continuance would be granted. As the Fifth Circuit has acknowledged, a "district court has an interest in maintaining its docket and keeping cases on schedule." *United States v. Pollani*, 146 F.3d 269, 272 (5th Cir. 1998). Defendant's

most recent request for a continuance is therefore DENIED.

SIGNED November 19, 2014.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE