ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV 2 0 2014

CLERK U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 4:14-CR-074-Y

JONATHAN DANIEL KUTEJ (01)

## JURY CHARGE

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges, the jury is the other.   It is my duty to preside over the trial and to decide what evidence is proper for your consideration.   It is also my duty, at the end of the trial, to explain the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.   Next, I will give you some specific rules of law about this particular case, and, finally, I will explain the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts.   But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to

1

apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence received during the trial and the law as given and explained to you by the Court, without prejudice or sympathy for or against the defendant. That was the promise you made and the oath you took upon being accepted as jurors, and the Court and the parties have the right to expect nothing less.

The indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The defendant has been charged with violations of federal law. The indictment, or formal charge against the defendant, is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require the defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of the defendant not to testify. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit him.

While the government's burden of proof is a strict or heavy burden, it is not necessary that his guilt be proven beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning his guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

2

As I told you earlier, it is your duty to determine the facts.   In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.   Remember that any statements, objections, or arguments made by the lawyers are not evidence.   The function of the lawyers is to point out those things that are most significant or most helpful to their respective sides of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.   In the final analysis, however, it is your own recollection and interpretation of the evidence that control in the case.   What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.   You must disregard those questions and exhibits entirely.   Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.   Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.   Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.   Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.   Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence, you are permitted to draw reasonable inferences from the testimony and exhibits as you feel are justified in the light

3

of common experience.   In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence.   You should not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."   You should consider and weigh all of the evidence that was presented to you.   "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.   "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

I remind you that it is your job to decide whether the government has proven the guilt of the defendant beyond a reasonable doubt.   In doing so, you must consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.   An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.   You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.   In making that decision, I suggest you ask yourself a few questions:   Did the witness impress you as honest?   Did the witness have any particular reason not to tell the truth?   Did the witness have a personal interest

4

in the outcome of the case?   Did the witness have any relationship with either the government or the defense?   Did the witness seem to have a good memory?   Did the witness clearly perceive the things about which the witness testified?   Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?   Did the witness's testimony differ from the testimony of other witnesses?   These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.   In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.   Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.   You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

During the trial, you heard the testimony of witnesses who expressed opinions concerning various scientific, technical, or other matters involving specialized knowledge.   If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education, may testify and state an opinion concerning such matters.   Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.   You should judge such

testimony like any other testimony.   You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Count One and Count Two of the Indictment allege that the defendant violated Title 18, United States Code, Section 2251(a), which makes it a crime to employ, use, or persuade any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

In this case, the defendant is also charged in Count Two with **attempting** to employ, use, or persuade a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction.

As to Count One, for you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First:   That the defendant employed, used, or persuaded a minor to engage in sexually explicit conduct;

Second:   That the defendant acted with the purpose of producing a visual depiction of such conduct; and

Third:   That the visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

As to Count Two, for you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First:   That the defendant employed, used, or persuaded a minor to engage in sexually explicit conduct;

Second:   That the defendant acted with the purpose of producing a visual depiction of such conduct; and **either**

Third:   That the visual depiction was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;
OR
That the visual depiction was actually transported using any means or facility of interstate commerce or in or affecting interstate commerce.

For you to find the defendant guilty of attempting to employ, use or persuade a minor to engage in sexually explicit conduct for purposes of creating a visual depiction, which is also alleged in Count Two, you must be convinced that the government has

7

proven each of the following beyond a reasonable doubt:

First:      That the defendant intended to commit the offense of employing, using, or persuading a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction of such conduct; and

Second:     That the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.

The term "minor" means any person under the age of eighteen years. The term "visual depiction" includes data stored on computer disk or by electronic means which is capable of conversion into a visual image.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

The term "sexually explicit conduct" means actual or simulated sexual intercourse and lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the person is depicted in an unnatural pose or in inappropriate attire and, if a child, considering the age of the child; whether the child is

8

fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

The word "knowingly," as the term has been used, means that the act was done voluntarily and intentionally, not because of mistake or accident. The government must show that the defendant had knowledge of the general nature of the contents of the material. Although the defendant need not have specific knowledge as to the actual age of the minor, the defendant must have had knowledge or reason to know, or an awareness or notice, or a belief or ground for belief warranting further inspection or inquiry, that the material contains a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's production of the material is not necessary to prove his awareness of its contents; the circumstances may warrant the inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. "Foreign commerce" means commerce or

9

travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters. "Commerce" includes travel, trade, transportation and communication.  Evidence that an image of child pornography or materials used to produce such image (including a cellular telephone) were manufactured outside of the state and thus traveled in interstate or foreign commerce is sufficient to prove this element of the offense.

Further, the material, such as the cellular telephone, did not have to have been used yet to produce the image or images of child pornography when such material had traveled in interstate or foreign commerce.

Additionally, the defendant need not know that the visual depictions themselves or the device containing the visual depictions were manufactured outside of the state or traveled in interstate commerce.

You will note that the indictment charges that the offense was committed on or about a specified date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

While the government introduced evidence that the government maintains proves that the defendant knowingly produced or attempted to produce more than one image of child pornography in each count of the superseding indictment, you are again instructed that the government is only required to prove that the defendant produced a single image

for each count.   However, you must be unanimous with respect to the image or images of child pornography you determine were produced by the defendant for each count.

Therefore, with respect to each count, as long as you find beyond a reasonable doubt that the defendant knowingly produced for Count One, or in Count Two, produced or attempted to produce, a single image, and that the other elements of the offense have been proven beyond a reasonable doubt, you must find the defendant guilty.

During this trial, you have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment.

However, you may consider this evidence for other, very limited, purposes. Specifically, if you find beyond a reasonable doubt from the other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine: whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or whether the defendant had a motive or the opportunity to commit the acts charged in the indictment; or whether the defendant committed by mistake or accident the acts for which he is on trial.   These are the limited purposes for which any evidence of other similar acts may be considered.

You are here to decide whether the government has proven beyond a reasonable doubt that the defendant is guilty of the crime charged.   The defendant is not on trial for

any act, conduct or offense not alleged in the indictment.   Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

A separate crime is charged against the defendant in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately as to the defendant.   The fact that you may find the defendant guilty or not guilty of one of the counts should not control your verdict as to another count.

If the defendant is found guilty, it will be my duty to decide what the punishment will be.   You should not be concerned with punishment in any way.   It should not enter your consideration or discussion.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous as to each count of the indictment.   Other than the possibility that the Court could make an inquiry into whether deliberations were conducted properly, your deliberations will be secret, and you will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.   You must individually decide the case for yourselves, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for

12

the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts.   Your duty is to decide whether the government has proven the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your members as your presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.   I remind you that during your deliberations, you must not communicate with or provide any information to anyone by any means about this case.   You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet device, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

A form of verdict has been prepared for your convenience.

The presiding juror will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.   At the conclusion of your deliberations, the presiding juror must date and sign the verdict.

If you need to communicate with me during your deliberations, the presiding juror must write the message and give it to the court security officer.   I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on the count in the indictment, until after you have reached a unanimous verdict.

SIGNED November **20**, 2014.

TERRY R. MEANS
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

JONATHAN DANIEL KUTEJ (01)

NO. 4:14-CR-074-Y
ECF

## VERDICT

Count One:

We the jury find the defendant, JONATHAN DANIEL KUTEJ, _____

as to Count One of the Indictment, image file IMG_2400.JPG.

We the jury find the defendant, JONATHAN DANIEL KUTEJ, _____

as to Count One of the Indictment, image file IMG_2401.JPG.

Count Two:

We the jury find the defendant, JONATHAN DANIEL KUTEJ, _____

as to Count Two of the Indictment, image file IMG_2311.JPG.

We the jury find the defendant, JONATHAN DANIEL KUTEJ, _____

as to Count Two of the Indictment, image file IMG_2313.JPG.


_____            _____

Signature of Presiding Juror                          Date


**Verdict Form**