```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION

UNITED STATES OF AMERICA      §
                              §
VS.                           §    Criminal No. 4:14-CR-074-Y(1)
                              §
JONATHAN DANIEL KUTEJ(1)      §
```

<u>PRELIMINARY ORDER OF FORFEITURE</u>

Before the court is the government's Motion for Issuance of a Preliminary Order of Forfeiture (doc. 133). After review, the Court GRANTS the motion and ENTERS this preliminary order of forfeiture.

The government notified the defendant in the superseding indictment that it would seek to forfeit an Apple iPhone taken from him on August 15, 2013, by Hood County Criminal Investigator R. Young (the "property"), if he was convicted on Counts One or Two. A jury convicted the defendant on Counts One and Two of the superseding indictment, and the defendant opted to have the court decide whether he should forfeit the property.[1] Based on the evidence admitted at trial, the court finds that the property was

---

[1] Despite the defendant's previous statements to the Court at trial that he did not oppose forfeiture of the property, he has filed an objection to the government's motion. Defendant appears to argue that he is entitled to a stay of the forfeiture pending the appeal of his conviction. Federal Rule of Criminal Procedure 32.2(d) provides that a court "may stay the order of forfeiture . . . to ensure that the property remains available pending appellate review." Courts consider four factors in determining whether to stay a forfeiture order: (1) the likelihood of success on appeal; (2) whether the forfeited assets will depreciate over time; (3) the forfeited assets' intrinsic value to the defendant; and (4) the expense of maintaining the forfeited property." *United States v. Ngari*, Fed. App'x 259, 272 (5th Cir. 2014). While the Court cannot say that the defendant is necessarily unlikely to succeed on appeal, the other factors weigh against granting a stay.

used to commit Counts One and Two of the Superseding Indictment, and the defendant should forfeit the property to the government pursuant to 18 U.S.C. § 2253.

Defendant's interest in the property is hereby forfeited to the government subject to the provisions of 21 U.S.C. § 853(n). Pursuant to 21 U.S.C. § 853(g) and Federal Rule of Criminal Procedure 32.2, the United States Marshals Service (or its designee) shall seize and hold the property in its secure custody and control pending a final order of forfeiture. Further, pursuant to 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2, the Attorney General (or its designee) shall publish notice of the forfeiture order for at least 30 consecutive days on an official government website (www.forfeiture.gov). The notice shall state the government's intent to dispose of the property and state that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the court no later than 60 days after the publication's first day and serve a copy on Aisha Saleem and/or Megan J. Fahey, assistant United States attorneys, 801 Cherry St, Suite 1700, Fort Worth, Texas 76102. The petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; be signed by the petitioner under penalty of perjury; and set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's

acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner=s claim and the relief sought. The government shall send, by means reasonably calculated to reach the person, written notice to any person reasonably appearing to be a potential claimant with standing to contest the forfeiture.

SIGNED January 12, 2015.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/lj                                   3