```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

UNITED STATES OF AMERICA         §
                                 §
VS.                              §    CRIMINAL NO. 4:14-CR-074-Y
                                 §
JONATHAN DANIEL KUTEJ    (1)     §

### ORDER DENYING MOTION TO WITHDRAW

Before the Court is a motion to withdraw (doc. 146) filed by J. Warren St. John, appointed counsel for defendant Jonathan Kutej. Counsel seeks to withdraw citing Kutej's obstinance and his refusal to listen to counsel's advice. After review, the Court DENIES the motion.

Kutej's present interactions with his counsel are not unlike his behavior throughout these proceedings. Kutej argues with his counsel about what the law is, or what he thinks it should be, and then refuses to assist counsel in his defense. This behavior has resulted in Kutej's cycling through three attorneys and causing multiple continuances in this case.

The Sixth Amendment guarantees an effective advocate, not necessarily the preferred advocate. *Wheat v. United States*, 486 U.S. 153, 159 (1988). Certainly Kutej is entitled to competent, meaningful assistance of counsel, but he is not entitled to an attorney who agrees with his personal view of the law, and will "docilely do as defendant insists." *See McDonald v. Thaler*, No. EP-12-CV-92-FM, 2013 WL 4499119, at *15 (W.D. Tex. Aug. 19, 2013).

This Court has discretion to deny a motion to withdraw if it would require a continuance. *United States v. Loving*, 254 F.3d 71 (5th Cir. 2001). The Court has already continued this matter to accommodate changes in counsel. Kutej has not alleged that counsel's performance is lacking, and there is no reason to believe that he would have a better relationship with a new attorney. Accordingly, the motion to withdraw is DENIED. The Court GRANTS a brief extension of the following deadlines:

(1) Kutej, through his appointed counsel, shall file objections to the presentence report no later than **April 27, 2015**.

(2) The government shall file its response to those objections no later than **May 1.**

(3) The probation officer shall file an addendum to the presentence report no later than **May 8**.

(4) Each party may file a sentencing memorandum no later than **May 8.**

(5) Any other item the parties wish the Court to consider in connection with sentencing, including character letters and victim statements, must be delivered to chambers no later than **May 8**.

All other deadlines set out in this Court's March 10 order remain in full force and effect. And this case remains set for sentencing on **June 9, 2015.**

SIGNED April 21, 2015.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/lj